Good morning, Your Honor, and may it please the Court, my name is Jay Offsiavich and I represent the appellant in this case, Mr. Tony Ivey. It is my intention this morning to rely on my papers regarding the issue of the notice requirements under Rule 32H and focus my argument on the application of Sentencing Guideline 4A.1.3. The issue in this case is whether the District Court committed procedural error when it horizontally departed and sentenced Mr. Ivey to 20 months' imprisonment. As the record shows, Mr. Ivey has a criminal history going back 37 years to 1980. It was determined, however, at sentencing that he was a criminal history Category 2, having only one conviction within the past 15 years. And that conviction occurred in 2002. Given Mr. Ivey's criminal history, however, the District Court decided to upwardly depart pursuant to Section 4A.1.3 of the Guidelines. However, the District Court erred in the manner in which it departed. After determining that it would upwardly depart, the Court simply made a determination that it would sentence Mr. Ivey to 20 months' imprisonment. The Court never made a determination as to what the correct criminal history category should be as required by Section 4A.1.3a4. JUSTICE SCALIA. Could the District Court have done it as a variance rather than a departure? MR. BOUTROUS. Your Honor, if that was the case and he did it as a variance, we'd be in a very different procedural posture, and my argument would probably be very different. However, the Court decided to keep this within the Guideline range and do this as a horizontal departure. JUSTICE SCALIA. I trust that you'll discuss at some relatively early point one of the twists here, which is it's plain error, isn't it? Plain error review? MR. BOUTROUS. Well, we're dealing with reasonableness review, correct, Your Honor?  No, no. I'm talking about plain error. MR. BOUTROUS. Our review. JUSTICE SCALIA. Plain error review, meaning that it's being raised . . . it was not raised before the additional hurdles as a result.  BOUTROUS. Well, the question of 4A1.3 was raised in the District Court. The attorney at sentencing did argue that 4A1.3 should not be applied and that he should be sentenced within the original Guideline range calculated by the District Court. JUSTICE ALITO. But he never said . . . he said, I oppose a departure for my client for criminal history. But he didn't say, and I also object if you just arrive at a sentence and don't take us through why he's a criminal history Category 4 on your departure. He never made that specific . . . MR. BOUTROUS. No, but that should not be required under . . . JUSTICE ALITO. I'm just asking whether he said that. MR. BOUTROUS. No, he did not say that. He said that 4A1.3 should not be applied and he said that he should be sentenced within a range of 8 to 12 months, and I think he asked specifically for time served, which was just over 8 months. JUSTICE SCALIA. But what you're arguing here is, and I think counsel below did not say this, which he is, Your Honor, you're engaged in a departure and you haven't given us notice that you're going to do that, and we would like more time to prepare  MR. BOUTROUS. He did not say that. That is correct, Your Honor. In the court . . . JUSTICE SCALIA. So in that regard, having . . . that issue was . . . the very argument you are making to us was, at least as I see it, but please disabuse me of that notion anyway, was that, you know, that issue wasn't preserved below, and so you make it's being made for the first time on appeal. MR. BOUTROUS. Correct, Your Honor. JUSTICE SCALIA. All right. MR. BOUTROUS. But even under a plain error review, there is plain error in this case. The error that occurred in the Court's application of 4A1.3, that was clear. The guidelines are clear on to how 4A1.3 should be applied. Mr. Ivey was prejudiced by this, given that he received a much greater sentence, and this also raises questions on how the courts are perceived, given that we have . . . it's given the impression that the courts can just pull out a sentence for almost any reason and impose it without properly calculating the guidelines. JUSTICE ALITO. There certainly was a factual basis for arriving at criminal history category 4. However, if the Court had just said all these bad old convictions, and there's lots of them, indicate that his criminal history category is substantially underrepresented, 4 would certainly be a conservative criminal history category for him. MR.  Well, except . . . JUSTICE ALITO. How is that an injustice under plain error review? MR. BOUTROUS. Well, except, Your Honor, that when you're calculating a criminal history category, that there's a way to do that. Not all offenses are supposed to be considered when calculating a criminal history category. If we look at 4A1.2, it discusses those offenses that should not be considered. It also . . . there's a question in application note to 4A1.2 that offenses that were not similar to the offense of conviction or were not seriously dissimilar criminal conduct should not be considered, and those were as well. So we have, for example, his convictions for aggravated, unauthorized operation of a motor vehicle being considered, where the guidelines say that those shouldn't. We have his conviction for operating out of class of a motor vehicle being considered. We have his convictions for disorderly conduct which should not be considered. JUSTICE ALITO. How about the three violent assaults, paragraphs 38, 39, and 59 of the PSR? Destruction of property, paragraphs 51, 58. We're not talking about traffic tickets here.  BOUTROUS. No, we're not, Your Honor. But again, we're dealing with the question of which of his prior convictions should be considered, and we know that even not all convictions, even those that may appear to be serious, should not. For example, the Court did point out that one of the prior convictions involved a stabbing, but I think it's significant, and especially if you compare with the papers, not all prior conduct should be counted. And in bad marriage, you had assaults which the circuit decided should not be counted. You had other offenses that may sound serious, but in reality were not when you look at what, how they were prosecuted. JUSTICE ALITO. Mr. Court said stabbing individuals, shooting individuals, causing harm to individuals by way of razors or knives. He slit a couple of throats, I remember. He shot the boyfriend of his ex-wife. BOUTROUS. We're talking about two particular offenses, Your Honor, and the one that involved the knives actually was treated as a misdemeanor, and he was convicted of a misdemeanor offense. JUSTICE ALITO. The boyfriend in the back. BOUTROUS. That might be an offense that should be counted then, Your Honor. And we're not saying that all offenses may not have been counted, but the Court  offenses were serious. JUSTICE SCALIA. The question is whether in this circumstance, that's rather formalistic, we'd be sending him back down to say, you got this wrong, now tell us why. He tells us why and it's over. And I say that not because I'm predicting that's what he would do, but because it goes, in my mind, to the question of whether it's plain error or not. BOUTROUS. Well, the question becomes whether or not we, the first thing that has to be done is the guidelines have to be calculated correctly. And once the Court decided that it was going to horizontally depart, he kept it within the guideline regime. And based on the manner in which he did it and the way he was considering those, the guidelines have not been correctly calculated. So that becomes a plain error. JUSTICE SCALIA. But everybody knew that and nobody objected to it. BOUTROUS. It was not objected. At that point, once the judge went through very quickly, basically the sentencing was done. Yes, Your Honor. JUSTICE SCALIA. Okay. You have two minutes. BOUTROUS. Yes. You have reserved two minutes. JUSTICE SCALIA. Thank you, Your Honor.  Ms. Schoenberger. KORINA SCHOENBERGER. May it please the Court. Korina Schoenberger for the government. The district court's judgment should be affirmed here and this appeal should be reviewed for plain error. Just with respect to the standard of review, I would direct the Court to two cases cited in the government's brief, Cassisi and Villafuerte. In those cases, a substantive argument was made with respect to the sentence that was issued, but that was insufficient to preserve for appeal procedural arguments similar to the ones that were made in this case. JUSTICE KENNEDY. Do you agree that, plain error aside, the judge should have specified why he went up to a four or whatever it was? KORINA SCHOENBERGER. It was actually a Category 5. JUSTICE KENNEDY. Five. KORINA SCHOENBERGER. The second to highest. The judge did specify why he was doing it because there was a violent criminal history in a case where the defendant was being sentenced for threatening to kill a federal prosecutor. Again and again, the district court indicated that it was looking at the offenses in Mr. Ivey's past that reflected threatening individuals or carrying out violent acts against individuals. JUSTICE KENNEDY. But did the district court mention Category 5 explicitly, or are you working back from what the sentence was? KORINA SCHOENBERGER. Your Honor, he did not specify the category, no. He announced the sentence. JUSTICE KENNEDY. And you're working back and saying that would have been a history Category 5? KORINA SCHOENBERGER. That's correct. The 20-month sentence would fall within the range of someone with a Category 4 history, correct. And . . . JUSTICE ALITO. Well, there may be some of us have been there whereas, particularly assistant U.S. attorneys, we try to help make sure that the court is doing things right so that we don't have to make trips to New York if we're in this circuit. But I take it the assistant on, you know, on the case did not point out to the judge that maybe the court should step back and sort of go through a bit more process? KORINA SCHOENBERGER. No, Your Honor. The assistant didn't and likewise the defense counsel did not. JUSTICE ALITO. Yeah. Well, we've discussed that earlier. KORINA SCHOENBERGER. Correct. JUSTICE ALITO. Yes. KORINA SCHOENBERGER. And with respect to announcing the particular category, it's not a requirement under the guideline or under the law of the Second Circuit that the category does have to be announced if it is, there are sufficient reasons  As the panel has already noted . . . JUSTICE ALITO. Yes.  Yes. JUSTICE ALITO.      . riage . . . . . . Mr. Altshielavich. .